83,228-03

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 03 2015

Abel Acosta. Clerk

Date: November 25, 2015

William Hayward Freeman, Sr.
TDCJ-CID No: 1878813
Allen B. Polunsky Unit
3872 F.M. 350 South
Livingston, Texas 77351

Re: CAUSE NOs: 1322259 & 1322260
Styled In Re: William Hayward Freeman, Sr.

Clerk for the Court of Appeals
301 ~~Fannin~~ Fannin St. Suite 245
Houston, Texas 77002

Dear Mr. Christopher A. Prine,

Please find enclosed, the original and one Copy of the relator petition for Writ of mandamus. Please file it with the Court. A Copy of this petition has been sent to the First Court of Appeal Via this letter, Thank you for your Kind help and assistance in this matter

Sincerely,

William Hayward Freeman, Sr.

CC: Abel Acosta,

CAUSE NO: 1322259
1322260

EX PARTE        IN THE FIRST DISTRICT

COURT OF APPEALS

WILLIAM HAYWARD FREEMAN, Sr.

## RELATOR FREEMAN'S NOTICE OF MANDAMUS

TO: THE HONORABLE JUDGE OF SAID COURT:

COME NOW, APPELLANT, here in the Supra entitled Caption and Numbered cause, file this, his Motion requesting leave of this court to file my petition for writ of mandamus based on not recieving my full transcript of my complete trial on all days that I was on trial, and respectfully move this honorable court in the interest of justice will show this court the following to wit:

I

Pursuant to Tex. R. Civ. Proc. Rule 694, Relator Freeman files this notice of mandamus with the 182nd District Court, Deputy Court reporter respondent, Wiltshire Roxanne.

II

Relator Freeman is also filing a writ of mandamus with the First Court of Appeals

III

The mandamus is filed in reference to the respondant's failure to provide the relator with a adequate copy of the trial records, and trial transcripts, with the Honorable Judge Jay W. Burnett presiding. This request is causing much delay. That was promised to me by a written Order by the presiding Judge.

(1)

## IV

My appeal attorney fail to provide me with all of my records, which she was ineffective for not carring out the presiding judge orders, for me to recieve all my court records and transcripts for free of charge.

## V

It is now the responsibility of the Harris County District Clerk, Chris Daniels, to provide the appellant with a copy of all records furnished without charge. See Whitehead v. State, 130 S.W. 3d 866, 873-74 (Tex. Crim. App. 2004)

## VI

I have filed a motion to the Harris County District Clerk, Chris Daniels, executed on the 13th day of July, 2015, and it was returned VOID on July 17th, 2015, at 12:34 PM, Stating that in accordance with section 552.028 Government Code. Request for information from incarcerated individual;

(A) A governmental body is not required to except or comply with a request for information from:

(1) An individual who is imprisoned or confined in a correctional facility.

## VII

C.C.P. Art. 26.04 (P) A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case.

_William Hayward Freeman, Sr. Pro/se_

William Hayward Freeman, Sr. Pro/se
T.D.C.J.-C I D No: 1878813
3872 F.M. 350 South
Livingston, Texas 77351

(2)

CAUSE NO: 1322259 ;
1322260

IN THE

1st. COURT OF APPEALS

at HOUSTON

IN RE: WILLIAM HAYWARD FREEMAN, SR.

Relator

From the 182nd District Court of

Harris County, Texas

PETITION FOR WRIT OF MANDAMUS

William Hayward Freeman, Sr.
T.D.C.J.-C.J.D NO: 1878813 / Pro/se
Allen B. Polunsky Unit
3872 F.M. 350 South
Livingston, Texas 77351

(1)

# TABLE OF CONTENTS

Number pages

IDENTITY OF PARTIES & COUNSEL _____ 3

INDEX OF AUTHORITIES _____ 4

STATEMENT OF THE CASE _____ 6

RELATOR'S PETITION FOR WRIT OF MANDAMUS _____ 5

STATEMENT OF JURISDICTION _____ 5

ISSUES PRESENTED _____ 7

STATEMENT OF FACTS _____ 7

ARGUMENT _____ 8

Issue 1: The trial courts recorder has failed to provide the relator with copies of the trial transcript where the Honorable Judge Jay W. Burnett presiding in the 182nd District Court, Harris County, Texas _____ 8

Issue 2: The respondent refuses to perform ministerial duties by providing the Relator with the exhibits of record _____ 8, 9, 10

PRAYER _____ 10

CERTIFICATE OF SERVICE _____ 11

(2)

CAUSE NO: 1322259 & 1322260

IN RE: WILLIAM HAYWARD FREEMAN, SR.

Relator

## IDENTITY OF PARTIES & COUNSEL

Relator certifies that the following is a complete list of the parties, the attorneys, and any other person who has any interest in the outcome of this petition:

Relator Freeman, Sr. is a pro/se litigant and is not represented by counsel in the proceeding. No attorney has been designated or mentioned on the behalf of the respondant, the party of interest is the state of Texas.

(3)

# INDEX OF AUTHORITIES
## CASES
page Number

Holloway v. Fifth court of Appeals
767 S.W. 2d 680, 684 (Tex. 1989)_____8

In Re: Coronado 980 S.W. 2d 691, 692 (Tex. App.- San
Antonio 1998 Orig. proceeding)_____9

In Re: Jebbio 26 S.W. 3d 753, 756 (Tex. App.- HOUSTON
[14th Dist.] 2000)_____8

In Re: Washington 7 S.W. 3d at 182 (Tex. App.- Houston
[1st. Dist.] 1999_____8,9

Okere v. Apex Financial Corp. 930 S.W. 2d 146, 152
(Tex. App.- Dallas 1990)_____9

## RULES

Tex. R App. Pro 50 (d)_____9

## STATUTES

Tex. Gov't Code Ann Section 22.221 (a)_____5,8

Tex. Gov't Code Ann Section 22.221 (b)_____8

Tex. Penal Code Section 37.10 (a)(3)(d). Vernon 1999___10

## CONSTITUTION

Tex. Const. Art. 5 §6_____5

Summit Savings Ass'n v. Garcia 727 S.W. 2d 106, 107
(Tex. App. San Antonio 1987_____9

CAUSE NO: 1322259 & 1322260

IN RE: WILLIAM HAYWARD FREEMAN, SR.

Relator

## RELATOR'S PETITION FOR WRIT OF MANDAMUS

Relator Freeman, submits this petition for Writ of mandamus complaining of the denial of particular portion of my trial records as it pertains to his INNOCENSE, and his rights to a complete copy of his trial records, and all exhibits, filed in those proceedings. Namely the relators complains of the denial of all the transcripts of all his trial appearance. For clarity, relator is referred to as Freeman; respondent, Wiltshire Roxanne is referred to by Name; and the real party in interest is referred to as the state of Texas.

## STATEMENT OF JURISDICTION

This Court has jurisdiction to issue a writ of Mandamus Tex. Const. Art. 5 §6, Tex. Gov't Code §22.221 (a).

(5)

# STATEMENT OF THE CASE

The underlying proceeding, Freeman has appealed his conviction and in process purchased his trial records for future appellate reasoning, once he recieved his copies of the records

The respondant is Wiltshire, Roxanne, and is the trial courts, court reporter, where the Honorable Judge Jay W. Burnett is the presiding judge of the 182nd District Court of Harris County, Texas. However the relator recieved copies of his trial records for August 12th thur 15th of 2013, in which the Honorable Judge James Anderson, presiding in the 182nd District Court of Harris County, Texas. The respondant has denied, and continue to deny the relator of those transcripts for my earlier trial court with the Honorable Judge Jay W. Burnett presiding on the same case.

# ISSUES PRESENTED

Issue 1: The trial courts recorder has failed to provide the relator with copies of the trial transcript where the Honorable Judge Jay W. Burnett presiding in the 182nd District Court, Harris County, Texas.

# STATEMENT OF THE FACTS

Relator Freeman was charged and convicted in one sexual assault case, and sentenced to seventy-five years in prison. Relator timely appealed and these are currently pending in the 1st. court of appeals at Houston on the day relator Freeman purchased the copies of his trial records in the event that his direct appeal proves to be unsuccessful, however upon receipt of the trial records, the relator observed that certain parts of the trial records were missing from the trial records and therefore wrote back to the respondant and inquired about the missing parts, from the trial records namely the trial transcript from the earlier trial on the same case given by the Honorable judge Jay W. Burnett.

# ARGUMENTS

Issue 1: The trial courts recorder has failed to provide the relator with copies of the trial transcript where the Honorable Judge Jay W. Burnett presiding in the 182nd District Court, Harris County, Texas.

In determining whether the writ should be issue we must futher determine whether the party has an adquate remedy by appeal. Id mandamus is intended

to be an extraordinary remedy only available in limited circumstances involving manifest and urgent necessity and not for grievances that may be addressed by other remedies. Holloway V. fifth court of appeals 767 S.W. 2d, 680, 684 (Tex. 1989) In Re: Jebbio 26 S.W. 3d 753, 756 (Tex. App.— Houston [14th Dist.] 2000).

Issue 2: Relator Freeman's case is currently on appeal in this court, however the relator purchased his trial records, and the court clerk has refused to forward the copies of trial records where the Honorable Judge Jay W. Burnett was presiding. The relator do not have a adequate remedy of law because this is not a matter in which it can be appealed to this court. Thus the relator asks this court to grant his merit of mandamus, granting him the relief he seeks.

We have jurisdiction to issue writs of mandamus against a district court judge or county court judge in our district and we may issue all writs necessary to enforce our jurisdiction. See Tex. Gov't Code ANN§ 22,221 (a) Vernon 1988); 22,221 (b) (Vernon Supp. 1999) See In Re Washington 7 S.W. 3d 182 (Tex. App.- Houston [1st Dist.] 1999).

We have no jurisdiction to issue a writ of mandamus against a district clerk unless such is necessary to enforce our jurisdiction.

See In Re Coronado 980 S.W. 2d 691, 692 (Tex. App.- San Antonio 1998, Orig. proceeding); Summit Savings Ass'n V. Garcia 727 S.W. 2d 106, 107 (Tex. App.- San Antonio 1987, Orig. proceeding) Id at In Re Washington 7 S.W. 3d at 182.

This Court has the jurisdiction to issue a writ against the respondant because of the ministrial act involved and the fact that he has an appeal pending in this court at this time. Consequently this court should issue the mandamus against the trial court although the mandamus is filed against the trial court never-the-less the respondant is under the control and authority of the trial court and by virture of its authority do the respondant act or fail to act, but it is the respondant that has control of the documents that the Relator seeks.

An appellate records integrity is crucial for proper appellate review, which is the right and appellant involves when he pursues an appeal.

An appellate's right to appellate review is accompanied by the duty to provide an accurate record sufficient for the appellate court to perform it's function to determine the correctness of the lower court's judgement. Okere V. Apex Financial Corp. 930 S.W. 2d 146, 152 (Tex. App.- Dallas 1990).

The burden is on the party seeking review to see that a sufficient record is presented to show error requiring reversal, Tex. R. App. Pro. 50 (d).

(9)

Tampering with governmental records under cert-
ificate or seal is a third degree felony. See Tex.
Penal Code §37.10(a)(3)(d) version 1999). Id at
Okere 930 S.W.2d at 152.

Essentially the respondant has committed a
felony offense by omitting parts of the Relator's
records, and also action with purpose and intent to
cause the relator harm by denying him the items he
seeks. The relator has repeatedly complained about his
records from the trial held by the Honorable Judge Jay
W. Burnett in the 182nd District Court, Harris County,
Texas. Relator Freeman is innocent of the crime he
was convicted of, but if the respondant and the trial
Court withhold valuable records how can he then file
an effective appeals brief proving his innocence?

## PRAYER

The Defendant's prayer is that this Court
allows him a complete and true copy of All his
Trial Transcript records of my trial of Honorable
Judge Jay W. Burnett presiding that he has not
gotten as of this date. This would ensure that
the Defendant experiences no more delays that
could interrupt his request to seek relief. He
pray this Court will honor his request.

(10)

# CERTIFICATE OF SERVICE

The Defendant, I William Hayward Freeman, Sr. do declare under the penalty of prejury that the above is true and correct to the best of my knowledge. And that this, my mandamus was prepared while I was in my right state of mind. This is placed in the U.S. Mail, to Harris County District Clerk, Chris Daniels, Post Office Box 465, Houston, Texas, 77210-4651,

Executed on the 25 day of Nov, 2015 at the Allen B. Polunsky Unit, 3872 F.M. 350 South, Livingston, Texas 77351

William Hayward Freeman, Sr. Prolse

William Hayward Freeman, Sr. Prolse
T.D.C.J. - CID No: 1878813
Allen B. Polunsky Unit
3872 F.M. 350 South
Livingston, Texas 77351

(11)